UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| FRANK LLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:15-CV-479-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Frank Lloyd, a pro se prisoner, filed a Habeas Corpus Petition [ECF No. 4] challenging a prison disciplinary hearing conducted at the Westville Correctional Facility ("Westville") on July 24, 2015, where a hearing officer found Lloyd guilty of group demonstration/work stoppage under case number WCC-15-07-0216. The charges were initiated when Officer Mirich wrote a conduct report stating as follows:

> On the above time and date I O[fficer] Mirich observed Offender #943174 Lloyd, Frank enter the closed dayroom and begin engaging in the encouragement of other offenders in a group demonstration. Offender Lloyd began shouting, "this is some bullshit I aint leaving the dayroom, this is some bullshit" the offender then turned to others and began shouting "lets lock this bitch down we aint leaving this mother fucker." At this time other offenders began shouting "Yeah lets lock this bitch down, fuck that we aint leaving the dayroom." At this time, I called for a supervisor and offender Lloyd was escorted off the dorm to post 2 holding area.

(Report of Conduct, ECF No. 13-1.)

The Screening Report [ECF No. 13-2] reflects that Lloyd was notified of the offense on July 14, 2015, and pled not guilty, requested a lay advocate, and requested witness statements from Offenders Kennedy and Jones. In addition, Lloyd requested that the hearing officer view the surveillance video. The requested written statements were collected. The hearing officer viewed the video, and provided a written summary:

> Upon review of the video, I, O[fficer] Vorrier observe that there is no audio available so I am unable to hear what was spoken. This does not mean that the incident did not occur. I do observe Offender Lloyd being escorted out of the dorm.

(Screening Report 5, ECF No. 13-2.)

During the disciplinary hearing Lloyd provided a written statement:

> I wasn't handcuffed when they escorted me off. He said I was shouting. He closed the dayroom down. I was cooking. That's it. We never even had a conversation. Nobody was screaming or shouting. None of that happened in the dayroom. The dayroom was shut down at 10 to be cleaned. I just told him that the dayroom gets cleaned. . . . That's not my demeanor. I don't talk like that.

(Report of Disciplinary Hr'g, ECF No. 13-3.) After considering the conduct report, Lloyd's statement, the witness statements and the video review, the hearing officer found Lloyd guilty, and imposed a sanction 30 days lost of good-time credit. Lloyd's appeals to the facility head and the final reviewing authority were denied. [ECF Nos. 13-4, 13-5.]

In his Petition, Lloyd asserts that there was insufficient evidence to support a guilty finding. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Lloyd was found guilty of Class B offense 223. (Resp. to Show Cause Order 5, ECF No. 13.) A prisoner is guilty of that offense if he "[engaged] in or [encourages] others to engage in, a

group demonstration, work stoppage or refusal to work." (*Id.*) In this case, there is sufficient evidence to support the hearing officer's determination. The conduct report alone constitutes some evidence that Lloyd engaged in and encouraged others to engage in a group demonstration. As such, the Court cannot conclude that the hearing officer's determination was arbitrary or without evidentiary support. *McPherson*, 188 F.3d at 786 (finding that conduct report provided sufficient evidence to support disciplinary determination).

Lloyd suggests that the video evidence proves his innocence. It does not. He claims it shows that he did not turn to the other offenders to encourage them, and that his demeanor was not reflective of someone who was engaging in the behavior described in the conduct report. (Am. Pet. 2, ECF No. 4.) The Court has reviewed the video and finds that it is not exculpatory because it does not undercut the evidence in the conduct report. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). At best the video is inconclusive. As the summary of the video pointed out, there is no audio so it is not possible to discern what Lloyd or any one else said. Moreover, much of the incident does not appear to be captured on video. The video simply shows Lloyd being escorted away by four officers and, at one point, Lloyd gets into an animated discussion with one of the officers.

As stated above, the question for this Court is whether there is *any* evidence in the record to support the hearing officer's conclusion. Because the video does not undermine the conduct report, there is some evidence to support the hearing officer's determination that Lloyd engaged in or encouraged others to engage in a group demonstration. Lloyd's claim is simply an invitation for the Court to re-weigh the evidence, which is not this Court's function on habeas review. *McPherson*, 188 F.3d at 786. Consequently, there is no basis for granting habeas relief.

For the foregoing reasons, the Habeas Corpus Petition [ECF No. 4] is **DENIED** and the Clerk is **DIRECTED** to close this case.

SO ORDERED on November 22, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
